# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Statesville Division

| | |
|---|---|
| FIBREWORKS COMPOSITES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED MACHINE SYSTEMS, LLC, SCM GROUP NORTH AMERICA, INC., AND CMS NORTH AMERICA, INC.,<br><br>Defendants. | CASE NO. 5:23-cv-00103 |

## NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendants Diversified Machine Systems, LLC; SCM Group North America, Inc.; and CMS North America, Inc. (collectively, "Defendants"), by their undersigned counsel, hereby remove the above-captioned action, which is currently pending in the Superior Court of the County of Iredell, North Carolina, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants state as follows:

### BACKGROUND

1. This case involves the sale of a machine to Plaintiff Fibreworks Composites, LLC ("Plaintiff"). Defendant Diversified Machine Systems, LLC ("DMS") is a machine manufacturer that supplies machines to a wide variety of manufacturing sectors. On or about December 21, 2019, Plaintiff purchased a 5-Axis U-Frame Overhead Gantry Machine (the "Machine") from DMS for $339,140.50. Compl., Ex. A.

2. On May 19, 2023, Plaintiff filed a Complaint ("Complaint") in the Superior Court of Iredell County, North Carolina (the "State Court Action"). The State Court Action was assigned Civil Docket No. 23-CVS-1338.[1]

3. Plaintiff affirmed service of the Summons and Complaint was accomplished on all Defendants on May 25, 2023. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Summons and Complaint that were served on Defendants.

4. The Complaint alleges claims of Breach of Contract (Count I, ¶¶75-92), Breach of Express Warranty (Count II, ¶¶93-100), Breach of Implied Warranty of Merchantability (Count III, ¶¶101-111), Breach of Implied Warranty for a Particular Purpose (Count IV, ¶¶112-124), and Product Liability – Design Defect (Count V, ¶¶125-142).

5. Plaintiff seeks damages in the amount of the cost of the Machine ($339,140.50), the cost to replace the Machine ($800,000.00) and an unspecified amount of lost profits. Compl., ¶¶91-92.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 113(c), 1391, 1441(a), and 1446(a) because the Superior Court of Iredell County, North Carolina, where the Complaint was filed, is a court within the Western District of North Carolina, Asheville Division.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in

---

[1] Defendants set forth the allegations in the Complaint solely to establish the prerequisites for jurisdiction and removal of this action. By filing this Notice of Removal, Defendants do not waive any defenses or objections they may have as to the Complaint, including this Court's lack of jurisdiction over Defendants. Defendants intend no admission of fact, law, or liability by this Notice of Removal, and reserve all defenses, motions, and pleas.

controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

*Complete Diversity of Citizenship Exists Between the Parties*

8. Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

9. Defendant Diversified Machine Systems, LLC ("DMS") is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business located in Colorado Springs, Colorado. The sole member of DMS is Diversified Machine Systems Holdings, LLC. The sole member of Diversified Machine Systems Holdings, LLC is CMS Group North America, Inc., a Michigan corporation with its principal place of business in Caledonia, Michigan. DMS' sole member is therefore a citizen of Michigan, and DMS, in turn, is a citizen of Michigan. *See Cent. West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members.").

10. Defendant SCM Group North America, Inc. is a Georgia corporation with its principal place of business in Duluth, Georgia.

11. Defendant CMS North America, Inc. is a Michigan corporation with its principal place of business in Caledonia, Michigan.

12. Plaintiff is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business in Mooresville, North Carolina. Compl. ¶1.

13. Upon information and belief, Plaintiff has only two members, Guenther Steiner and Joe Hofmann. Upon information and belief, Guenther Steiner is a citizen (and domiciliary and resident) of Mooresville, North Carolina and Joe Hofman is a citizen (and domiciliary and resident) of Mooresville, North Carolina. Plaintiff is therefore a citizen of North Carolina. *See Cent. West Virginia*, 636 F.3d at 103.

14. There is complete diversity of citizenship as to the claims against Defendants because Plaintiff is a citizen of North Carolina and Defendants are citizens of Georgia and Michigan.

*The Amount in Controversy Exceeds $75,000*

15. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000. *See* 28 U.S.C. § 1332(a).

16. While Defendants contest that Plaintiff is entitled to any damages, the Complaint clearly puts at issue more than $75,000. Plaintiff seeks damages in the amount of the cost of the machine ($339,140.50), the cost to replace the machine ($800,000.00) and an unspecified amount of lost profits. Compl., ¶¶91-92.

17. Thus, on these alleged facts, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

*Other Procedural Requirements for Removal Are Satisfied*

18. <u>This is the Proper Court</u>. Pursuant to 28 U.S.C. §§ 113(c), 1391, 1441(a), and 1446(a), this Notice is being filed in the United States District Court for the Western District of North Carolina, which is the district embracing the county where the *Fibreworks* Action was originally filed.

19. <u>Removal is Timely</u>. This removal is timely under 28 U.S.C. § 1446(b)(1) because Defendants removed the State Court Action within 30 days of service of the Complaint on Defendants. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999). Plaintiff affirmed service of the Summons and Complaint was accomplished on all Defendants on May 25, 2023.

20. <u>Signature</u>. This Notice is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

21. <u>Copies of Pleadings</u>. A true and accurate copy of all process and pleadings filed in the state court is attached hereto as <u>Exhibit A</u>. *See* 28 U.S.C. § 1446(a).

22. <u>Notice of Filing of Notice of Removal</u>. Attached as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the Superior Court of Iredell County, North Carolina and served on Plaintiff's counsel in compliance with 28 U.S.C. § 1446(d).

23. <u>Bond and Verification</u>. Pursuant to § 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond or verification is required in connection with this Notice of Removal.

24. <u>Filing Fee</u>. Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## CONCLUSION

Based upon the foregoing, this Court has original jurisdiction over the *Fibreworks* Action pursuant to 28 U.S.C. §§ 1331 and 1332, and the action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 and should proceed in the United States District Court for the Western District of North Carolina. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte,* Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

Dated: June 22, 2023							Respectfully submitted,

By: */s/ Elizabeth M. Thomas*
Elizabeth M. Thomas
N.C. State Bar No. 48984
MCGUIRE WOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
ethomas@mcguirewoods.com

Homayune A. Ghaussi (pro hac vice to be filed)
WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue, Suite 300
Detroit, MI 48201-3030
Telephone: (313) 546-6000
Facsimile: (313) 263-6855
hghaussi@wnj.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** on all parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

Clifton W. Homesley
HOMESLEY & WINGO LAW GROUP PLLC
330 South Main Street
Mooresville, NC 28115
*Attorneys for Plaintiff*

This the 22nd day of June, 2023.

/s/ *Elizabeth M. Thomas*
Elizabeth M. Thomas
N.C. State Bar No. 48984
MCGUIRE WOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
ethomas@mcguirewoods.com

*Attorneys for Defendants*